J-S76007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMONT LORRICK | |
| Appellant | No. 3124 EDA 2015 |

Appeal from the Judgment of Sentence Entered April 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-5-CR-0008869-2013

BEFORE:  STABILE, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:              **FILED DECEMBER 22, 2016**

Appellant, Lamont Lorrick, appeals from the April 20, 2015 judgment of sentence imposing concurrent sentences of four to eight years of incarceration for possession with intent to deliver a controlled substance, conspiracy, and unlawful possession of a firearm.[1]  We affirm.

The trial court, sitting as fact finder, found Appellant guilty of the aforementioned offenses and several related offenses[2] at the conclusion of a March 3, 2015 trial.  The trial court summarized the pertinent facts, which are not in dispute:

---

[*] Former Justice specially assigned to the Superior Court.

[1]  35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 903 and 6105, respectively.

[2]  The trial court imposed no further punishment for the related offenses.

On April 2, 2013, Philadelphia Police Officer Joseph McCook, assigned to the Narcotics [Field] Unit, along with Police Officer [William] Beck, went to the 2600 block of North 8th Street in Philadelphia and met with a confidential informant (hereinafter "CI"). During the meeting, Officer Beck searched the CI and after ascertaining that he did not have money or contraband in his possession, gave the CI pre-recorded 'buy' money. The CI then walked to the east side of the 2600 block of North 8th Street where approached a Hispanic male named Raphael Rondon Rivera who engaged him in a brief conversation. Rivera then accepted the buy money from the CI and walked to the west side of North 8th Street where he approached Appellant, who was standing in front of 2636 North 8th Street. Rivera handed Appellant the buy money. Appellant entered of [sic] 2636 North 8th Street for a short time and thereafter emerged handing a small bundle to Rivera who then walked back to the CI and handed him the bundle. Once the CI retrieved the bundle, he returned to Officer McCook and handed him the bundle. The bundle contained what later testing revealed to be marijuana.

Officer McCook returned to the area on April 9, 2013, and again met a CI. As was the case on April 2, 2013, the CI was searched and given $20.00 in buy money which he handed to Rivera who gave it to Appellant who then retrieved a small object from inside of 2636 North 8th Street that was transferred to Rondon and then the CI. The CI surrendered the object to Officer McCook and he determined that it contained marijuana.

As a result of the CI's buy, Officer McCook obtained a search warrant for 2636 North 8th Street, which was executed on April 12, 2013, by Officer McCook and other officers. Inside the residence police encountered Appellant, co-defendant Stanley Harrison, and a third male sitting around a table in the dining room eating chicken. On the table, police discovered a scale, two large bags filled with marijuana, and a jar of codeine syrup all of which was seized. From inside a clothes dryer situated about six feet from where the men were seated, police seized four bags of marijuana and a nine millimeter handgun that was under the bags of marijuana and from the second floor a digital scale.

Philadelphia Police Officer Bill Bolds participated in the execution of the search warrant and placed Appellant under arrest. Incident to that arrest, Officer Bolds seized $842.00 in

U.S. currency from Appellant. The money, along with the items described above were placed on property receipts.

Trial Court Opinion, 1/21/16, at 2-3 (record citations omitted).

After sentencing, Appellant filed a timely post-sentence motion that was denied by operation of law on August 31, 2015. This timely appeal followed. Appellant raises two issues for our review:

1. Was the evidence presented at trial by the Commonwealth insufficient to sustain [Appellant's] conviction for criminal conspiracy?

2. Was the evidence insufficient to sustain a conviction for possession of the firearm found in the dryer of a residence sustain [sic] [Appellant's] conviction [for unlawful possession of a firearm and possession of an instrument of crime]?

Appellant's Brief at 4.

The applicable standard of review is well-settled:

When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

**Commonwealth v. Kane**, 10 A.3d 327, 332 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011).

Appellant first challenges the sufficiency of the evidence in support of his conspiracy conviction. The Pennsylvania Crimes Code defines criminal conspiracy as follows:

> **(a) Definition of conspiracy.--**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a). Appellant argues the Commonwealth failed to produce sufficient evidence that he entered a criminal conspiracy with anybody. After thorough review, we have concluded that the trial court accurately addressed this issue in its January 21, 2016 opinion. In particular, we note that the record plainly evidences conspiratorial conduct between Appellant and Rivera. We reject Appellant's argument on the basis of the trial court's opinion.

Next, Appellant argues the Commonwealth did not produce sufficient evidence of Appellant's constructive possession of the firearm police seized from inside the clothes dryer.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to

- 4 -

control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013). "Additionally, it is possible for two people to have joint constructive possession of an item of contraband." ***Id.*** Appellant argues the Commonwealth produced insufficient evidence tying him to the house police searched. Appellant also argues the Commonwealth produced insufficient evidence of constructive possession given the presence of other persons when police seized the gun. Once again, after thorough review, we conclude that the trial court's opinion accurately applied the law to the facts. We note that police observed Appellant selling drugs out of the house in question on several occasions, and more than one person can have constructive possession of an unlawful item. We reject Appellant's argument on the basis of the trial court's January 21, 2016 opinion.

In summary, we affirm the judgment of sentence for the reasons set forth on pages 5 to 8 of the trial court's January 21, 2016 opinion. We direct that a copy of the trial court's opinion be filed along with this memorandum.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/22/2016</u>